IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARYIE EARL JONES, | : | |
| Petitioner, | : | |
| vs. | : | CA 19-00022-TFM-MU |
| HUEY HOSS MACK, | : | |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

Laryie Earl Jones, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). In the petition, Jones once again seeks to challenge his May 25, 2006 possession of cocaine convictions, and the resulting concurrent life sentences,[1] out of the Circuit Court of Covington County,[2] Alabama. (*See* Doc. 1, at 2.) This matter has been referred to the

---

[1] Jones was also convicted of three counts of possession of drug paraphernalia, for which he received concurrent one-year terms of imprisonment, *see Jones v. Boyd, infra,* at *1; however, Petitioner does not directly attack these convictions and sentences in his present petition (*see* Doc. 1), presumably because he has fully served his one-year possession of drug paraphernalia sentences.

[2] Covington County, Alabama is located in the Northern Division of the Middle District of Alabama, *see* 28 U.S.C. § 81(b)(1) ("The Northern Division [of the Middle District of Alabama] comprises the counties of Autauga, Barbour, Bullock, Butler, Chilton, Coosa, **Covington**, Crenshaw, Elmore, Lowndes, Montgomery, and Pike." (emphasis supplied)). It is clear that 28 U.S.C. § 2241(d) confers concurrent jurisdiction over habeas corpus petitions upon the districts of confinement and conviction. This Court enjoys concurrent jurisdiction over this action, Jones being presently confined in the Southern District of Alabama (specifically, in the Baldwin County Jail). *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497-501, 93 S.Ct. 1123, 1131-1132, 35 L.Ed.2d 443 (1973). The undersigned recommends that this Court dispose of this clearly successive petition/action given that Jones has been in the Mobile area for a number of years now and this Court previously dismissed, as successive, a habeas
(Continued)

undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## DISCUSSION

As reflected above, on May 25, 2006, Jones was convicted, following a jury trial, of three counts of possession of cocaine (*see* Doc. 1, at 2), and, on July 10, 2006, he was sentenced to concurrent life terms with respect to those possession of cocaine convictions, *see, Jones, supra,* CA 13-0505-KD-N, Doc. 11, at 2.[3] After challenging his convictions and sentences in the state courts of Alabama for a number of years, *see Jones, supra,* Doc. 11, at 2, Jones ultimately filed a § 2254 petition in the United States District Court for the Middle District of Alabama, *see id.* at 3, citing *Jones v. Boyd,* No. 2:08-CV-304-MHT-TFM. Jones' claims were determined to be procedurally defaulted and his federal habeas petition was denied. *Compare id. with Jones v. Boyd,* 2010 WL 1874277 (M.D. Ala. Apr. 2, 2010), *report and recommendation adopted,* 2010 WL 1874189 (M.D. Ala. May 6, 2010).

On October 15, 2013, Jones filed a successive petition in this Court attacking his possession of cocaine and possession of drug paraphernalia convictions and sentences out of the Circuit Court of Covington County, Alabama. *See Jones v. Lightner, supra,* Doc. 1, at 9. Jones' successive petition was dismissed without prejudice for lack of jurisdiction,

---

corpus petition filed by Jones challenging the same cocaine possession convictions Petitioner challenges herein. *See Jones v. Lightner,* Civil Action No. 13-0505-KD-N, Docs. 1, 11 & 13-14.

    3     *See* footnote 1, *supra*.

specifically, his failure to comply with 28 U.S.C. § 2244(b)(3)(A). *See id.,* Docs. 13-14; *see also id.,* Doc. 11. This, too, should be the fate of Jones' present habeas corpus action.

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Clark v. McLaughlin,* 2017 WL 9478488 (N.D. Ga. Oct. 30, 2017) (utilizing Rule 4 to recommend the dismissal of a clearly successive § 2254 petition), *report and recommendation adopted,* 2017 WL 5736241 (N.D. Ga. Nov. 17, 2017). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or

successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied,* 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 483 (2009); *Morales v. Florida Department of Corrections,* 346 Fed.Appx. 539, 540 (11th Cir. Sept. 29, 2009) ("In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. . . . Absent authorization, the district court lacks jurisdiction to consider a second or successive petition."), *cert. denied,* 562 U.S. 866, 131 S.Ct. 156, 178 L.Ed.2d 94 (2010).

The records retained by this Court indicate that Jones has twice previously filed habeas corpus petitions, pursuant to the provisions of 28 U.S.C. § 2254, challenging the same convictions and sentences he challenges in the instant petition. *Compare Jones v. Boyd, supra, with Jones v. Lightner, supra*. In *Jones v. Boyd, supra*, the United States District Court for the Middle District of Alabama determined that Jones' § 2254 petition was due to be denied because he procedurally defaulted each of his claims for relief and failed to establish cause and prejudice (or a fundamental miscarriage of justice) excusing his procedural default(s),[4] *see Jones v. Boyd, supra,* at *7-9, and in *Jones v. Lightner,*

---

[4] A district court's dismissal of a petitioner's initial/first habeas petition based on procedural default constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir.) ("We . . . join the Second Circuit in holding that 'a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . . "second or successive" for purposes of the AEDPA.'"), *cert. denied sub nom. Henderson v. Hill,* 546 U.S. 884, 126 S.Ct. 199, 163 L.Ed.2d 189 (2005); *Turner v. Artuz,* 262 F.3d 118, 123 (2d
(Continued)

this Court determined that Jones' § 2254 petition was due to be dismissed without prejudice because it was a successive petition over which this Court could exercise no jurisdiction due to Petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A), *see Jones v. Lightner*, CA 13-0505-KD-N, Docs.11 & 13-14.

In light of the foregoing, it is clear that the instant petition, filed in this Court on or about January 16, 2019 (*see* Doc. 1, at 12), is another successive petition, yet there is nothing to indicate that Jones filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition or that he received such an order from a three judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive application for habeas relief. *Compare Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[T]he movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it.") *with* 28 U.S.C. § 2244(b)(3)(B) & (C) ("A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals. [] The court of appeals may authorize the filing of a second or successive application only if it

---

Cir.) ("The determination that claims . . . were procedurally defaulted qualifies as an adjudication on the merits. . . . We therefore conclude that Turner's subsequent § 2254 petition was '"second or successive" for purposes of the AEDPA' and 'require[s] authorization pursuant to . . . [§] 2244(b)(3)(A).'"), *cert. denied,* 534 U.S. 1031, 122 S.Ct. 569, 151 L.Ed.2d 442 (2001); *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) ("[B]ecause [petitioner's] initial § 2254 application was dismissed for unexcused procedural default and was therefore 'on the merits,' Cook's current application is a 'second or successive habeas corpus application' under § 22[4]4(b)."); *Johnson v. State of Alabama,* 2013 WL 776251, *1 (M.D. Ala. Jan. 16, 2013) ("[D]ismissal of a habeas corpus petition as procedurally defaulted constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)(A)'s second or successive petition requirements."), *report and recommendation adopted*, 2013 WL 775382 (M.D. Ala. Feb. 28, 2013).

5

determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his third federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Jones' request for relief, *compare Farris, supra,* 333 F.3d at 1216 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997); *see Gilreath v. State Bd. of Pardons & Paroles,* 273 F.3d 932, 933 (11th Cir. 2001) ("Because this undertaking would be [petitioner's] second habeas corpus petition and because he had no permission from us to file a second habeas petition, we conclude that the district court lacked jurisdiction to grant the requested relief."). Accordingly, this cause is due to be dismissed, without prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to

6

consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report and recommendation adopted,* 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).[5]

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the

---

[5] The undersigned recommends that this Court dismiss without prejudice Jones' present petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra*, 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). The instant petition is unquestionably a successive pleading and Jones' first federal habeas petition was dismissed on the merits based on unexcused procedural defaults. A reasonable jurist could not conclude either that this Court is in error in dismissing the instant third petition, without prejudice, for want of jurisdiction or that Jones should be allowed to proceed further. *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this

8

Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## **CONCLUSION**

The Magistrate Judge recommends that Laryie Earl Jones' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of

justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 25th day of January, 2019.

                                          s/P. Bradley Murray
                                          **UNITED STATES MAGISTRATE JUDGE**